## JOSEPH MOULTON versus ARETAS CHAPIN.

If the property attached by an officer has gone back into the hands of the debtor, he has no claim upon the officer for it, and if the attaching creditor has released the officer from his liability to him, then, as neither creditor nor debtor has any claim upon him, the officer can maintain no action upon a receipt given for the property attached.

In an action of assumpsit, if another person be made a co-plaintiff, by amendment of the writ by leave of Court, the attachment of property upon the writ is thereby dissolved.

If there be a good cause of action against the receipter at the time of the commencement of the suit, but the right of action is taken away by a neglect to preserve the attachment afterwards, it seems that nominal damages may be recovered; but where no cause of action upon the receipt existed when the suit was commenced, the action must fail.

STATEMENT of facts, and appeal from the District Court.

"District Court, Eastern District, March Term, 1848.

"JOSEPH MOULTON v. ARETAS CHAPIN.

"Writ 23d Oct. 1847. Assumpsit on following receipt.

"Piscataquis ss. — Oct. 22d, 1844.

"Received of Joseph Moulton, Deputy Sheriff, fifty-two, yards and three-quarters of broadcloth, and two horses, taken on writ, William T. Pearsons against Peabody H. Rice and John H. Rice, which property we promise to redeliver to the said Moulton, or the bearer of this receipt, on demand, for the consideration of two dollars paid by the said Moulton for the safe keeping of said property, and we are to keep said property free from any further expense, to the said Moulton or the plaintiff.

"Aretas Chapin."

"Plaintiff, subject to objection, introduced writ, William T. Pearson & al. vs. Peabody H. Rice & al. upon which original attachment was made and officer's return thereon, returning thereon the property specified in above receipt. Also the execution that issued on the judgment in said suit, rendered April 3, 1849, with return thereon as follows, viz : — "Piscataquis ss. April 30, 1847. By virtue of this execution, I have demanded of Aretas Chapin, two horses and 52¾ yards of broadcloth, which was attached on writ, he receipted for same, and he refused to give them up. Joseph Moulton, Deputy Sheriff."

" All subject to objection.

" Also evidence, that said receipt and execution were placed in hands of Thomas Pullen by plaintiff, with instructions to demand the property on receipt, and if turned out, take it for said plaintiff, or if the money was paid, to take it and cancel the execution for him, and that he did demand the property of defendant, at Monson, between the 26th and 30th of April, 1847, having the execution and receipt in his hands, which the defendant declined delivering over to him. Said papers may be referred to. Said Pullen was not a deputy sheriff.

" The defendant then introduced, subject to objection, the docket of this Court, of March Term, 1847, which has under the original action, this entry : — " Nov. Term, 1846. Leave to insert name of Charles B. Johnson, in his writ. Plaintiff to have cost after last day of November Term, 1846." " 1 d. Def'd. Judgment was $102,27. $2,64 cost.

" Likewise copy of record objected to.

" Also John H. Rice.

" He was one of the defendants in original suit, who testified that the property attached, never was removed from their store and stable, by defendant, but remained in their hands, that defendant is now secured for his liability in this receipt, but whether fully so or not he could not say — that property attached, was worth $200, and that the agreement that plaintiff might amend his writ, by inserting said Johnson's name, was upon condition of his claiming no cost, as per docket.

" Nonsuit or default to be entered according to the opinion of the Court, subject to appeal by either party.

" S. H. Blake, attorney for plaintiff.

" Appleton & Flint, for defendants."

*Blake,* for the plaintiff, contended that every act required by law to be done, to make the receipters liable, had been performed.

" The return of the officer is *prima facie* evidence of the demand for the property attached. 13 Maine R. 245.

No authority can be found, which will sanction the position, that the introduction of a new plaintiff, by leave of Court, will

vacate an attachment of property, when at the time there has been no conveyance or attachment. This is not a case where third persons are interested. 7 Greenl. 348; 14 Pick. 180; 15 Maine R. 400; 16 Maine R. 265; 3 Pick. 413.

*J. Appleton*, for the defendant, said the suit, when the property was attached, and the receipt in suit given, was in favor of Pearson alone. Afterwards, another plaintiff was introduced, which is a new and different action, and of course dissolved the attachment. 1 Pick. 204; 4 Greenl. 277; 3 Conn. R. 157.

Amendments are unknown to the common law, and can be authorized only by statute. And when made under it by introducing a new party, it is a new suit. No judgment was ever rendered in the suit, in which the attachment was made. And the officer, making the attachment when the suit was commenced, was not liable to the creditor, for the attachment had been dissolved; and was not liable to the debtor, for the property was never taken out of his hands. 1 Pick. 192; 17 Mass. R. 603.

The opinion of the Court, WHITMAN C. J., TENNEY and WELLS Justices, was prepared by

WELLS J. — A deputy sheriff having made an attachment of property, is answerable for it, either to the creditor or debtor. If it has gone back into the hands of the debtor, the officer is released from any claim, to be made by him.

It appears by the evidence, in the present case, that the property attached was never removed from the possession of the debtors. They cannot therefore, have any claim for it, upon the plaintiff.

And if the attaching creditor has released the officer from his liability to him, then, as neither creditor nor debtor has any claim upon the officer the latter can maintain no action against the receipter. *Norris* v. *Bridgham*, 14 Maine R. 420.

After the action of Pearsons, the creditor, was entered in Court, an additional plaintiff was inserted in the writ, by leave of Court.

Any action, brought against the plaintiff, for a violation of his duty, in relation to the property attached, after judgment upon the demand claimed, in the amended process, must necessarily be in the name of the creditors, mentioned in the judgment. But the plaintiff might very properly answer to such action, that he never made service of any writ for them. He could not be answerable to a person, towards whom he had never sustained the relation of an officer, nor for whom, he had performed any official duty. No obligation could rest on the plaintiff, in relation to a person with whom he had had no official intercourse.

The amendment, having united the creditor, originally named in the writ, with the new party, creates a union, fatal to any claim upon the plaintiff, for the property attached. He cannot make the officer liable to another, with whom he has associated himself, and for whom the officer never acted.

The Rev. Stat. c. 115, § 11 and 12, authorize amendments in relation to defendants, and the officer who served the writ would continue liable to the defendant, whose property he had attached, in the same manner, as if no amendment had been made.

It results that the plaintiff not being liable to the creditors or debtors, the liability of the defendant to him has terminated.

In the case before cited, the plaintiff recovered nominal damages, because there was good cause of action, when the suit was commenced. The receipter was sued, before judgment was rendered, in the action, in which the property had been attached, a previous demand for it, having been made on him. But by a subsequent neglect, to demand the property attached, of the officer making the attachment, it was released, and his claim to full damages was defeated.

When the present action was brought, the plaintiff was entirely exonerated from any claim of the creditors or debtors, and no ulterior proceedings could revive or continue it. He, therefore, had no cause of action, when it was commenced.

*Plaintiff nonsuit.*